## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO: 8:23-cr-110-CEH-AAS

BARRETT PURVIS

_____

### ORDER

This matter comes before the Court on Defendant Barrett Purvis's Motion for New Trial (Doc. 100) and his Renewed Motion for Judgment of Acquittal Pursuant to Rule 29 (Doc. 101), both filed on May 8, 2024.  In the motions, Defendant renews his request for judgment of acquittal under Fed. R. Crim. P. 29(c) and requests a new trial under Fed. R. Crim. P. 33.[1] The Court, having considered the briefing and being fully advised in the premises, will deny both motions.

### BACKGROUND[2]

On March 30, 2023, a federal grand jury in the Middle District of Florida returned an indictment that charged Defendant with Wire Fraud (Count One) and Illegal Monetary Transactions, also referred to as Money Laundering (Count Two). Doc. 1.

---

[1] Defendant's Motion for New Trial cites Federal Rule of Criminal Procedure 59, which concerns "Matters Before a Magistrate Judge." Doc. 100. However, Federal Rule of Criminal Procedure 29 deals with motions for judgment of acquittal.

[2] The parties do not provide record citations to court testimony or evidentiary exhibits. Accordingly, the Court relies on the parties' recitation of the facts in their briefs, to the extent it is not objected to, and the Court's own recollection.

The underlying background facts were as follows. *See* Doc. 1. Defendant, a Middle District of Florida resident, was president of a company called Big Man Promotions, Inc., that provided marketing services to auto dealerships, as testified to at trial. *Id.*

The conduct alleged in the indictment occurred in April and May of 2021. *Id.* ¶ 9. Significantly, in connection with the COVID-19 Pandemic, the President of the United States signed into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. *Id.* at 1–2. As part of this Act, the Small Business Administration expanded the Economic Injury Disaster Loan ("EIDL") program to provide loan assistance to small businesses and other eligible entities, to pay certain qualifying expenses that could have been paid had the pandemic not occurred. *Id.*

According to the Indictment, Defendant fraudulently prepared and submitted a false application to the EIDL program, ultimately using most or all of the $499,000 EIDL loan for unauthorized purposes – namely, his own personal enrichment. *Id.* at 3–4.

On April 29, 2024, a jury trial began on both counts. Doc. 81. The next day, after each side presented opening statements, the Government called several witnesses to the stand as part of its case-in-chief, including an attorney from the SBA EIDL servicing center, a car dealership employee who worked with Mr. Purvis, and the IRS case agent who investigated this matter. *See* Doc. 84.

After the Government rested, Defendant moved for a judgment of acquittal as to both Counts. *Id.* As detailed below, the Court denied this motion. Defendant next

presented his case, calling witnesses and taking the stand himself. Doc. 87. After the conclusion of evidence, Defendant made a renewed oral motion for Judgment of Acquittal pursuant to Rule 29. Docs. 87, 88. Again, the Court denied this motion. Doc. 89.

Closing arguments were presented to the jury on May 1, 2024. The jurors deliberated the same day and found Defendant guilty as to all counts. Docs. 87, 93. On May 8, 2024, Purvis filed the instant motions (Docs. 100, 101), and the Government responded (Doc. 105).

## LEGAL STANDARD

### A. Rule 29

Federal Rule of Criminal Procedure 29 provides the framework for judgment of acquittal based on a lack of sufficient evidence. Under Rule 29(a), "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." After a jury verdict, under Rule 29(c), a defendant "may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."

In deciding a Rule 29 motion, a district court must "determine whether, viewing all evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Grigsby*, 111 F.3d 806, 833 (11th Cir. 1997) (quoting *United States v. O'Keefe*, 825 F.2d

314, 319 (11th Cir. 1987)). To challenge a jury's guilty verdict based on insufficiency of the evidence, it must be established that "no reasonable jury could have found Defendant guilty beyond a reasonable doubt on the evidence presented." *United States v. Ruiz*, 253 F.3d 634, 639 (11th Cir. 2001).

### B. Rule 33

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The Eleventh Circuit has described this as a "broad standard." *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994). Additionally, "[t]he decision to grant or deny the new trial motion is within [the] sound discretion of the trial court and will not be overturned on appeal unless the ruling is so clearly erroneous as to constitute an abuse of discretion." *Id.* (quoting *United States v. Wilson*, 894 F.2d 1245, 1252 (11th Cir. 1990)).

In ruling on the merits of a Rule 33 challenge, the Court "may weigh the evidence and consider the credibility of the witnesses." *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). However, it is not appropriate for the Court to "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Id.* at 1312–13. Instead, to warrant a new trial, the "evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1313.

## C. Relevant Offenses and Elements

To prove a defendant guilty of wire fraud, the Government must establish beyond a reasonable doubt that: (1) the defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises; (2) the false pretenses, representations, or promises were about a material fact; (3) the defendant acted with the intent to defraud; and (4) the defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud. Doc. 90 at 10–11; Pattern Crim. Jury Instr. 11th Cir. O51.

To prove a defendant guilty of illegal monetary transactions, or money laundering, the Government must establish beyond a reasonable doubt that: (1) the Defendant knowingly engaged or attempted to engage in a monetary transaction; (2) the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity; (3) the property had a value of more than $10,000; (4) the property was in fact proceeds of wire fraud; and (5) the transaction took place in the United States. Doc. 90 at 12–13 (citing 18 U.S.C. § 1957); *See* Pattern Crim. Jury Instr. 11th Circ. O74.6.

## DISCUSSION

### A. Motion for New Trial

Defendant moves for a new trial on two grounds. First, he argues that the Government failed to provide sufficient evidence to prove that he had an intent to defraud. Doc. 100 at 2. To the contrary, he argues that he began paying the SBA loan

back before he was obligated to do so, and that the loan proceeds were used to "pay down both business and personal debt, debts that tended to overlap considering [Defendant's] woeful accounting practices and the nature of his marketing efforts." *Id.*

Secondly, Defendant argues that the Court erred in giving a deliberate ignorance instruction to the jury over his objection. *Id.* He argues that the Government submitted no evidence proving that he "took any action to indicate a deliberate ignorance" as to the loan requirements, and that he had a friend complete the loan application for him out of convenience and a lack of familiarity with computers. *Id.* at 3. Moreover, Defendant argues that neither of the Government's witnesses could define the term working capital or the "meaning of the use of the funds not primarily being for personal use," which was part of the loan agreement. *Id.* Defendant concludes by arguing that because there was no evidence he deliberately avoided learning information, and the loan terms were unclear, the instruction was prejudicial to his defense and violated his right to a fair trial. *Id.* at 3–4.

The Government responds that the "interest of justice" does not require a new trial based on either argument. Doc. 105 at 2–5. First, it argues that the evidence at trial proved that Defendant never intended to use any of the EIDL funds for business-related expenses. *Id.* at 3. Instead, it argues, text messages explicitly showed that he intended to repay gambling debts and pay off his girlfriend's credit card debt, which had no legitimate ties to his business. *Id.*

Next, the Government argues that the deliberate ignorance instruction was properly given, and that the Eleventh Circuit has repeatedly affirmed the use of this

instruction in fraud cases such as this one. *Id.* at 4 (citing *United States v. Willner*, 795 F.3d 1297, 1315-1316 (11th Cir. 2015); *United States v. Cooper*, 132 F.3d 1400, 1405 (11th Cir. 1998); *United States v. Murray*, 154 F. App'x 740, 743-744 (11th Cir. 2005) (unpublished).

Specifically, the Government argues that the evidence at trial proved Defendant made no attempt to read the EIDL application or learn what the EIDL funds could and could not be used for. Doc. 105 at 5. It asserts that while Defendant admitted to signing the loan application, he denied reading it in detail, instead saying that he took steps to quickly sign the application and therefore remain ignorant of the requirements and rules of the EIDL program. *Id.*

A district court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The decision to grant or deny a new trial motion based on the weight of the evidence is within the sound discretion of the trial court." *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). While the Court has broad discretion, it may not reweigh the evidence because some other result would be more reasonable. *Id.* at 1312–13.

The interest of justice does not require a new trial in this case. First, sufficient evidence and testimony was introduced to allow a jury to conclude that Defendant intended to cause injury or loss, and neither the fact that he began paying the loan back early nor his poor accounting practices necessitate a new trial in the interest of justice. As the Government argues, text messages Defendant sent to a casino employee were introduced into evidence showing his intentions of using the loan to pay off gambling

debts. *See* Doc. 94-32 at 1–3. This is in addition to evidence of other ostensibly personal expenses Defendant used the loan for, including his girlfriend's credit card debt. *See* Doc. 94-1.

Defendant's argument that the jury could not find that he intended to cause injury or loss, despite this evidence, is unpersuasive. Nor do the arguments that he began paying back the loan prior to the repayment date or the conclusory argument that the funds were used to pay down overlapping business and personal debts swing the pendulum in his favor. Here, sufficient evidence was introduced allowing a jury to find that Defendant intended to cause injury or loss, *see United States v. Takhalov,* 827 F.3d 1307, 1315 (11th Cir. 2016). The interest of justice does not require a new trial, and Defendant's motion for new trial on this basis is due to be denied.

Defendant's second argument, that a new trial is warranted because the Court wrongly gave a deliberate ignorance instruction, fares no better. Instead, as the Government correctly argues, the Eleventh Circuit has affirmed use of this instruction in fraud cases with similar circumstances, and other courts in the district have given the instruction as well.[3] There was sufficient evidence and testimony at trial to show that Defendant, by having someone else fill out the loan application and signing it without reading it, was deliberately ignorant of the terms and conditions of the EIDL

---

[3] *See, e.g., United States v. Chun,* Case No. 8:20-cr-120-WFJ-JSS, Doc. 214 at 20; *United States v. Daniels,* Case No. 8:21-cr-287-VMC, Doc. 141 at 18; *United States v. Martin,* Case No. 8:17-cr-301-SCB-AAS, Doc. 123 at 24; *United States v. Ali*, 8:23-cr-24-CEH-SPF, Doc. 123 at 15.

loan. Thus, the deliberate ignorance instruction was properly given, and Defendant's motion for a new trial on this ground is due to be denied.

**B. Renewed Motion for Judgment of Acquittal**

Defendant's oral motions for judgment of acquittal, made at two points during the course of trial, were denied by the Court. Docs. 86, 89. In both motions, Defenndant contended that the Government produced insufficient evidence for a reasonable jury to find him guilty on any count.

As to the first motion, argued on April 30 after the Government rested its case, the Court found that, viewing the evidence in the light most favorable to the Government, the jury could find Defendant guilty beyond a reasonable doubt. The Court noted that sufficient circumstantial evidence had been introduced to allow the jury to find that Defendant acted with intent to defraud, and that evidence or testimony to satisfy all four elements of wire fraud had been introduced. As to the money laundering charge, the Court similarly found that there was sufficient evidence to sustain a conviction on that count as well, and therefore denied Defendant's motion.

The following day, after the defense had rested, Defendant renewed his motion for judgment of acquittal and made argument. After the Government responded, the Court again denied the motion, finding that there was evidence from which the jury could find Defendant guilty beyond a reasonable doubt considering the elements of the charged offenses.

Now, with the benefit of having reviewed the Parties' briefing and the evidence presented at trial, the Court concludes, again, that the evidence was sufficient for a

reasonable jury to find Defendant guilty of wire fraud (Count One) and money laundering (Count Two).

Defendant's renewed motion offers no new arguments. Instead, Defendant simply rehashes his previous arguments. However, review of the transcripts and exhibits indicates that the Court's previous understanding of the evidence was correct. Because Defendant offers no basis for the Court to reconsider its previous ruling, and for the reasons detailed below, the Court will deny the Renewed Motion for Judgment of Acquittal. *See United States v. Atkins,* No. 8:18-CR-483-CEH-JSS, 2019 WL 6728263, at *6 (M.D. Fla. Dec. 11, 2019) (citing *United States v. Mulherin*, 529 F. Supp. 916, 923 (S.D. Ga. 1981), *aff'd*, 710 F.2d 731 (11th Cir. 1983)).

As to Count One, Defendant again argues that insufficient evidence was produced at trial to prove that he intended to cause injury or loss. Doc. 101 at 2. He also argues that he began paying the loan back before he was obligated to, did not enter incorrect information into the loan application himself, and did not know the scope of permissible use of the funds. *Id.* Finally, Defendant argues that the language in the documents introduced at trial were confusing and misleading and did not apprise him of what "working capital" meant or how the funds could be properly utilized. On that basis, Defendant requests that his renewed motion for judgment of acquittal be granted.

To the contrary, the Court credits the Government's summary of the evidence at trial and agrees with its argument that sufficient evidence was presented to allow the jury to find defendant guilty. First, the Government argues evidence was submitted

regarding Defendant's loan application as well as how he spent the proceeds. Doc. 105 at 2. It notes that evidence was also presented on the nature of Defendant's marketing business and apparent gambling addiction. *Id.* Overall, the Government argues that the evidence was more than sufficient for a jury to find that: (1) Defendant fraudulently applied for EIDL funds under the pretense that he would spend the money on business expenses; (2) that he spent the funds almost exclusively on his personal lifestyle and gambling addiction; and (3) that at the time he applied for the funds, Defendant had already committed much of the funds to a casino he was indebted to. *Id.*

After reviewing the pleadings and evidence to the extent it is cited by either side, the Court finds that "a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Alaboud,* 347 F.3d 1293, 1296 (11th Cir. 2003) (internal quotation marks omitted). The testimony and evidence described above was sufficient to enable a rational jury to find, beyond a reasonable doubt, that Defendant was guilty of wire fraud.

Defendant provides no specific argument as to the money laundering count in his motion. Thus, to the extent his renewed motion for judgment of acquittal was meant to address this count as well, the Court will deny it. The testimony and evidence presented at trial was sufficient to allow a jury to find Defendant guilty as to both counts.

Accordingly, it is hereby

**ORDERED**:

1.    Defendant's Motion for New Trial (Doc. 100) is **DENIED**.

2.      Defendant's Renewed Motion for Judgment of Acquittal Pursuant to

Rule 29 (Doc. 101) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 6, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record